John R. DEGLER, Appellant,

v.

Terrell Don HUTTO, Commissioner, Arkansas Department of Correction, Appellee.

No. 76–1841.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1977.

Decided April 19, 1977.

---

John R. Degler, pro se.

William J. Clinton, Atty. Gen., and B. J. McCoy, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

John Ralph Degler appeals from the District Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

This case arose from the fatal shooting of Curtis Turner on the evening of June 11–12, 1973. Petitioner was arrested and charged with murder in the first degree, in violation of Ark.Stat.Ann. § 41–2205 (1964 Repl.). At his trial in February, 1974, the state proceeded on a felony murder theory. The evidence adduced at trial tended to prove that petitioner and one David Williamson were in the process of stealing certain television and stereo equipment from a house in rural Pulaski County, Arkansas, when they were surprised by Turner's sudden appearance. Thereupon, petitioner drew a .22 caliber pistol and fatally shot Turner. The jury returned a verdict of guilty, and petitioner was sentenced to life imprisonment. His conviction was affirmed by the Arkansas Supreme Court. *Degler v. State,* 257 Ark. 388, 517 S.W.2d 515 (1975).

On April 8, 1975, petitioner filed the instant petition for a writ of habeas corpus, alleging: (1) that his confession was involuntary; (2) that certain statements and evidence should have been suppressed because no probable cause existed for his arrest; and (3) that his sentence was unlawful because Arkansas law did not include larceny as an underlying crime for felony murder.

After a hearing, the District Court denied relief.

On this appeal, petitioner only raises the issue of the felony murder statute.[1] Resolution of this claim requires a rather extended recitation of Arkansas law. Prior to March 23, 1973, the Arkansas law regarding the felony murder doctrine was contained in Ark.Stat.Ann. § 41–2205 (1964 Repl.), which included larceny as one of the underlying felonies which would invoke the doctrine.[2] On March 23, 1973, the Arkansas Legislature passed Act 438 of 1973, which was codified in Ark.Stat.Ann. §§ 41–4701 to 4716 (1973 Supp.). Section 41–4702 defined certain crimes as capital felonies. It included unlawful killings committed in the course of perpetrating certain felonies, but did not include larceny as one of the underlying felonies. See Ark.Stat.Ann. § 41–4702(A) (1973 Supp.).

The thrust of petitioner's argument is that, *at the time of his trial,* § 41–4702 was the applicable law governing felony murder and that, because it did not include larceny as an underlying felony, his prosecution amounted to a denial of due process.

Petitioner's argument misapprehends a fundamental principle of criminal law. It has long been held that a statute making certain conduct criminal must have existed as the law *at the time the conduct in issue occurred.* *Bouie v. City of Columbia,* 378 U.S. 347, 353 n. 4, 354, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *Kring v. Missouri,* 107 U.S. 221, 235, 2 S.Ct. 443, 27 L.Ed. 506 (1882); *United States v. Gavrilovic,* 551 F.2d 1099, 1103 (8th Cir. 1977). *Cf. Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 325–26, 18 L.Ed. 356 (1866); *Fletcher v. Peck,* 10 U.S. (6 Cranch) 87, 138, 3 L.Ed. 162 (1810).

---

1. Because petitioner is proceeding pro se, we have also examined the record as it relates to his claims regarding his confession and his arrest. The state trial court and the Arkansas Supreme Court found that his confession was voluntary and that the police officers had probable cause to arrest him. In the circumstances, the District Court properly determined that petitioner did not meet his burden of showing by convincing evidence that the state determina-

tions were erroneous. 28 U.S.C. § 2254(d); *LaVallee v. Delle Rose,* 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973).

2. The statute, in relevant part, provided:

   All murder which shall be . . . committed in the perpetration of or in the attempt to perpetrate, arson, rape, robbery, burglary or larceny, shall be deemed murder in the first degree.

The conduct in question occurred during the evening of June 11–12, 1973. Although Act 438 had been passed by the legislature prior to that date, Arkansas law provides that, absent an emergency clause, an act of the legislature becomes effective 90 days after the adjournment of the session at which it was enacted. *Fulkerson v. Refunding Board*, 201 Ark. 957, 962, 147 S.W.2d 980, 983 (1941). *See also* Ark. Const., amend. 7, § 1. Act 438 contained no emergency clause. The Arkansas Legislature recessed on April 24, 1973. Thus, Act 438 was not effective until 90 days later, or July 23, 1973. At the time the conduct in question occurred, the applicable law was Ark.Stat.Ann. § 41–2205 (1964 Repl.). Petitioner was properly charged under that statute.[3]

Having found no merit in petitioner's claim, we affirm the order of the District Court.

---

**3.** Petitioner's contention fails for yet another reason. The Arkansas Supreme Court has indicated that Act 438 did not repeal § 41–2205 in its entirety; rather, it merely limited the application of the death penalty to certain enumerated crimes. All other statutes previously allowing imposition of the death penalty (including § 41–2205) were retained as "life felonies," punishable by a term of life imprisonment. Ark.Stat.Ann. §§ 41–4704, 4708 (1973 Supp.);

*Degler v. State, supra*, 257 Ark. at 389–390, 517 S.W.2d at 516–17. Thus, even under the language of Act 438, petitioner was properly charged, convicted, and sentenced to life imprisonment.